The State of Ohio, Appellee, *v.* Roof, Appellant.

(No. 955—Decided December 13, 1954.)

*Mr. Roy Warren Roof* and *Mr. John L. Roof,* for appellant.
*Mr. Edgar L. Miller,* for appellee.

*Per Curiam.* The defendant was charged in an affidavit filed in the Municipal Court of Bellefontaine, Ohio, with the violation of Section 6307-31, General Code, in that "he did overtake and pass traffic to the left of the center line of said highway in a portion thereof which prohibits passing, by a clearly visible yellow line being placed to the right of the center or white line."

Upon trial had, the defendant was found guilty, and it is from that judgment that defendant appeals to this court on questions of law.

Defendant sets forth in his assignments of error, the following:

1. The common pleas judge was without jurisdiction to sit in the Municipal Court, as a municipal judge, to hear, try and determine the within action.

2. The Municipal Court of the city of Bellefontaine, Ohio, was without county-wide jurisdiction to try, hear and determine any criminal matters, either misdemeanors or felonies, beyond the city limits of the city of Bellefontaine, Ohio.

3. The Municipal Court of the city of Bellefontaine, Ohio,

committed prejudicial error in overruling defendant's motion to quash the affidavit, and thereafter in overruling the demurrer of the defendant to the affidavit.

4. The findings of fact, the judgment, and the sentence of the court are contrary to law.

5. The finding of the court is manifestly against the weight of the evidence.

6. The finding of the court is wholly unsupported by the evidence, and entirely violates the reasonable-doubt rule of law.

7. The court committed error in the trial of the case in placing the burden of proof as to evidence to satisfy a conviction upon the defendant instead of the state.

8. The court committed prejudicial and reversible error in its pronouncement and judgment of law.

9. The court committed error in its interpretation of the law as contained in Section 6307-31, General Code, Section 6307.29, General Code, and Sections 6307-1 to 6307-110, General Code.

10. There are many other errors apparent upon the face of the record prejudicial to the rights of defendant, thereby preventing the defendant from having a fair and impartial trial.

11. Error of court in overruling motion for new trial.

The following facts, appearing in the bill of exceptions, are undisputed:

Defendant was traveling south on state route 68, and at a point one mile north of the corporation line of Bellefontaine, overtook two trucks, one a highway truck and the other a semi-trailer and a 4-wheel trailer gasoline truck. The defendant pulled out of his west lane of traffic to the east lane and passed both trucks. From the point where defendant overtook the trucks, any vehicles traveling north could have been seen for several hundred yards, and within that distance there was no traffic traveling north at the time. At the point where defendant started passing the trucks there was no yellow line or other signs restricting defendant's right to pass. After passing the first truck the defendant attempted to return to the right lane of traffic; but the two trucks were traveling so close together he was unable to do so. He then continued in the left lane until he completed passing the gasoline truck. At the point where

defendant began passing the gasoline truck, there was a yellow line which continued south the entire distance traveled by defendant in passing the truck.

Defendant is charged with the violation of Section 6307-31, General Code, which reads as follows:

"The department is hereby authorized to determine those portions of any state highway where overtaking and passing other traffic or driving to the left of the center or center line of the roadway would be especially hazardous and may by appropriate signs or marks on the highway indicate the beginning and end of such zones and when such signs or markings are in place and clearly visible, every operator of a vehicle or trackless trolley shall obey the directions thereof, notwithstanding the distances set out in the preceding section."

Section 6307-34, subdivision (b), General Code, reads as follows:

"(b) The driver of any truck, or motor vehicle drawing another vehicle, when traveling upon a roadway outside of a municipal corporation shall maintain a sufficient space, whenever conditions permit, between such vehicle and another vehicle ahead so an overtaking vehicle may enter and occupy such space without danger. The provisions of this subdivision shall not be construed to prevent overtaking and passing nor shall the same apply upon any lane specially designated for use by trucks."

The record shows defendant violated no law at the time he passed the first truck. He was prevented from returning to the right side of the highway at the point where the yellow line began, by the fact that the two trucks were so close together there was not sufficient space for defendant to enter without danger. There was no traffic in view traveling north in the east lane of traffic and defendant was justified in continuing in the left lane until he could, without danger, cross to the west lane.

In view of the undisputed facts appearing in the record, the court holds the judgment below is contrary to the manifest weight of the evidence and is contrary to law. The court finds no other error as set forth in the assignments of error.

The judgment of the court below is reversed, and there

being no dispute of fact but error in the application of the law, the court renders the judgment the court below should have rendered and orders the defendant discharged.

*Judgment reversed.*

YOUNGER, P. J., QUATMAN and MIDDLETON, JJ., concur.